UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

D***ale*** A. C***atlett***                                                               P***laintiff***

v.                                                            N***o***. 3:23-***cv***-408-BJB

A***vis*** B***udget*** G***roup***                                             D***efendant***

\* \* \* \* \*

**O*pinion* D*ismissing* C*ase for* F*ailure to* P*rosecute***

*Pro se* Plaintiff Dale Catlett sued his employer, the Avis car-rental company, after an alleged hit-and-run accident in a company car near the Louisville airport. Complaint (DN 1) at 1. After the accident, he asserts, his direct supervisor pressured him to falsely blame the car's previous renter for the accident. *Id.* at 1–2. According to the Complaint, which the Court accepts as true at this stage, Catlett refused to cooperate, his supervisor tried to access Catlett's phone, and Catlett reported the incident as a violation of company policies—only for Avis to suspend and later terminate him in retaliation. *Id.* at 2. Avis also allegedly failed to comply with state reporting requirements after the accident, resulting in the suspension of Catlett's driver's license, and "threatened [Catlett] with criminal charges … to keep him from reporting" any of this. *Id.* Unrelatedly, Avis purportedly denied employees required meal breaks and intentionally misclassified Catlett as an exempt employee to avoid paying overtime. *Id.* All this adds up to eleven causes of action against Avis in Catlett's Complaint.

But several months ago, after reviewing the *pro se* claims, *see* 28 U.S.C. § 1915A, the Court dismissed some counts for failure to state a claim, allowed others to proceed, and gave Catlett 30 days to amend his complaint and "provide specific allegations" regarding "the alleged employment contract's provision for termination." Order Dismissing Claims (DN 15) at 16. The Court granted him a one-week extension in August based on his assertion that his amendment was "nearly complete." DNs 16 & 17. Since then, nothing. Catlett didn't file the promised amendment or respond to Avis's September 26 motion to dismiss (DN 22). So on November 27, the Court ordered Catlett to respond to the motion to dismiss within 21 days, warning that failure to respond would result in dismissal of the case for failure to prosecute. DN 24. More than 40 days have passed, yet Catlett hasn't responded.

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted). A district judge may dismiss a case for failure to prosecute under Rule 41(b) to "manag[e] … its docket and avoi[d] … unnecessary burdens on the tax-supported courts and opposing parties." *Id.* Four factors channel that discretion:

> "(1) whether the party's failure is due to willfulness, bad faith, or fault;
>
> "(2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> "(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> "(4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Id.* at 737.

Three factors sharply cut in favor of dismissal. *First*, Catlett has missed three separate deadlines: to amend, respond to the motion to dismiss, and answer the Court's order that he respond to that motion. He's at fault for failing to press the case. *See, e.g., Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366–68 (6th Cir. 1997) (dismissal supported by missed deadlines and ignored court orders). *Second*, this unresponsiveness followed a clear warning: "Failure to respond now will result in dismissal of the case under Fed. R. Civ. P. 41(b) for failure to prosecute." DN 24. *Third*, the Court will dismiss without prejudice—a "less drastic sanctio[n]" than dismissal with prejudice. *Schafer*, 529 F.3d at 740–42. The fourth factor—prejudice—is less clear, but still cuts against Catlett. Although "the record contains little, if any, evidence that the defendan[t] w[as] actually prejudiced by [Catlett's] failure to prosecute his claims," Avis has had to attend to this lingering litigation and file a motion to dismiss. *Id.* That imposes some cost, and therefore prejudice, on any defendant waiting on and wondering about its defense of an aging lawsuit. Without any movement by Catlett, dismissal is the best option to effectively manage the Court's docket and avoid unnecessary burdens on a Defendant who has sought resolution.

The Court therefore dismisses this case—without prejudice—for failure to prosecute.